# United States District Court

## FOR THE
### NORTHERN DISTRICT OF CALIFORNIA

VENUE: SAN FRANCISCO

FILED
Dec 16 2020
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

---

UNITED STATES OF AMERICA,

V.

Emilson Jonathan CRUZ Mayorquin,
a/k/a "Playboy";
LEYDIS Yaneth Cruz;
Pamela CARRERO,
a/k/a "Nicole" a/k/a "Kendra";
IVAN Mauro Cruz Mayorquin,
a/k/a "Mauro Ivan Cruz Mayorquin";
Ana MALDONADO;
Adonis TORRES; and MAYER BENEGAS-MEDINA

DEFENDANT(S).

---

## INDICTMENT

21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(C) –
Conspiracy to Distribute and Possess with Intent to Distribute Fentanyl;
21 U.S.C. §§ 841(a)(1) and (b)(1)(C) – Distribution of Fentanyl (Five Counts);
21 U.S.C. §§ 841(a)(1) and (b)(1)(B) – Distribution of Fentanyl;
21 U.S.C. §§ 841(a)(1) and (b)(1)(B) – Distribution of Heroin;
21 U.S.C. § 843(b) – Illegal Use of a Communication Facility;
21 U.S.C. § 853 – Forfeiture Allegation

---

A true bill.

_____/s/ Foreperson of the Grand Jury_____
                                                      Foreman

Filed in open court this ___15th___ day of

___December, 2020___.

                                                      Clerk

Bail, $ __No Process__

FILED

Dec 16 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

DAVID L. ANDERSON (CABN 149604)
United States Attorney

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>Emilson Jonathan CRUZ Mayorquin,<br>    a/k/a "Playboy";<br>LEYDIS Yaneth Cruz;<br>Pamela CARRERO,<br>    a/k/a "Nicole" a/k/a "Kendra";<br>IVAN Mauro Cruz Mayorquin,<br>    a/k/a "Mauro Ivan Cruz Mayorquin";<br>Ana MALDONADO;<br>Adonis TORRES;<br>Mayer BENEGAS-Medina,<br><br>    Defendants. | CASE NO. CR20-480 WHA<br><br>VIOLATIONS:<br>21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(C) – Conspiracy to Distribute and Possess with Intent to Distribute Fentanyl;<br>21 U.S.C. §§ 841(a)(1) and (b)(1)(C) – Distribution of Fentanyl (Five Counts);<br>21 U.S.C. §§ 841(a)(1) and (b)(1)(B) – Distribution of Fentanyl;<br>21 U.S.C. §§ 841(a)(1) and (b)(1)(B) – Distribution of Heroin;<br>21 U.S.C. § 843(b) – Illegal Use of a Communication Facility;<br>21 U.S.C. § 853 – Forfeiture Allegation |

<u>I N D I C T M E N T</u>

The Grand Jury charges:

<u>Introductory Allegations</u>

At all times relevant to this Indictment:

    1.    Defendants Emilson Jonathan CRUZ Mayorquin, LEYDIS Yaneth Cruz, Pamela CARRERO, IVAN Mauro Cruz Mayorquin, Ana MALDONADO, Adonis TORRES, and Mayer BENEGAS-Medina lived in Alameda County in the Northern District of California. As alleged below,

INDICTMENT

the defendants sold fentanyl, heroin, and other drugs in Alameda County, as well as in the Tenderloin neighborhood of San Francisco.

2. Fentanyl is a Schedule II controlled substance. It is about 50 times stronger than heroin, which is also a Schedule II controlled substance, and about 100 times stronger than morphine.

3. Fentanyl is often referred to by drug traffickers by the color emitted when the drug is burnt. As described below, the defendants sold fentanyl that emitted the colors blue, pink, and yellow.

4. Fentanyl can be sold in multiple forms, including as a powder, within pain relief patches, and pressed into pills. As described below, the defendants sold powder fentanyl and counterfeit pharmaceutical pills containing fentanyl and acetaminophen.

COUNT ONE: (21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C) – Conspiracy to Distribute and Possess with Intent to Distribute Fentanyl)

5. The allegations contained above are hereby re-alleged and incorporated by reference.

6. Beginning on or about unknown to the Grand Jury, but no later than July 2, 2020, and continuing to on or about December 10, 2020, in the Northern District of California and elsewhere, the defendants,

>  Emilson Jonathan CRUZ Mayqorquin,
>  a/k/a "Playboy";
>
>  LEYDIS Yaneth Cruz;
>
>  Pamela CARRERO,
>  a/k/a "Nicole" a/k/a "Kendra";
>
>  IVAN Mauro Cruz Mayorquin,
>  a/k/a "Mauro Ivan Cruz Mayorquin";
>
>  Ana MALDONADO;
>
>  Adonis TORRES;
>
>  MAYER BENEGAS-MEDINA;

and others known and unknown to the Grand Jury, did knowingly and intentionally conspire to distribute and possess with intent to distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] (otherwise known as fentanyl), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and (b)(1)(C).

INDICTMENT 2

## Manner and Means of the Conspiracy

7. The defendants used the following manner and means, among others, to accomplish the objects of the conspiracy.

8. Defendants obtained distribution quantities of fentanyl for resale from unknown suppliers. The defendants then provided the fentanyl to each other and also sold the fentanyl to other drug re-sellers and to individual drug users.

9. Intercepted communications revealed that the defendants routinely discussed narcotics transactions over the phone and coordinated their supplies of fentanyl for resale.

10. For example, on August 23, 2020, LEYDIS spoke with IVAN regarding an anticipated supply of "blue" fentanyl. IVAN told LEYDIS that customers were "asking for the blue." LEYDIS responded that her supplier had just called her and indicated that he would sell her some the following day. IVAN said he could sell "them fast here," stated that he could even sell them for $60 per gram. LEYDIS responded, that he could even "raise it up," meaning charge a higher price "because nobody has any."

11. Similarly, during another phone call, TORRES asked CARRERO if she had "some of the blue." CARRERO responded, "No, right now…Yeah, he is going to come today." In the background of the call, CARRERO could be heard asking LEYDIS whether "that guy" was "going to come over to drop off that…the blue?"

12. On another occasion, CRUZ spoke with BENEGAS over the phone and said he was "heading over to them" and was going to bring "the 11 grams and $100" that he owed BENEGAS. BENEGAS responded that CRUZ owed him $300. CRUZ asked, "[F]rom where?" CRUZ noted that he gave BENEGAS "18 grams of that other one." The two agreed to discuss the issue further in person.

13. In addition to "blue" fentanyl, the defendants sold other types of fentanyl.

14. For example, on one occasion, CRUZ called MALDONADO and asked her to "put all the bags that were there" on the "big scale." MALDONADO said there was "324 grams." CRUZ asked if the 324 grams was "of everything" that was there. MALDONADO confirmed that it was everything that was there. CRUZ asked MALDONADO how many bags where inside. MALDONADO said only the "yellow" and a little of the "blue."

15. During another call, MALDONADO reported to CRUZ that there was "pink," but only 91 grams. CRUZ instructed MALDONADO to bring him the 91 grams, and "one of yellow [and] blue".

16. Many of the defendants commute from Alameda County to San Francisco to sell drugs. During an intercepted call, CRUZ told IVAN that he was on his way "there now." IVAN said they were about to leave, but then was told that police may have been there. IVAN asked if CRUZ was going to go to "San Pancho," a nickname for San Francisco. CRUZ said yes and said he would give some of "that" to IVAN. IVAN said okay and asked CRUZ to bring him a "half of the blue."

17. During the time relevant to the Indictment, as alleged in Counts Two through Eight below, CARRERO, LEYDIS, and CRUZ sold fentanyl (in powder form and as counterfeit pharmaceutical pills) and heroin to a person they believed to be a drug customer, but who in fact was an undercover law enforcement agent.

COUNT TWO: (21 U.S.C. § 841(a)(1) and (b)(1)(C) – Distribution of Fentanyl)

18. On or about July 2, 2020, in the Northern District of California, the defendant,

Pamela CARRERO,
a/k/a "Nicole" a/k/a "Kendra",

did knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] (otherwise known as fentanyl), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

COUNT THREE: (21 U.S.C. § 841(a)(1) and (b)(1)(C) – Distribution of Fentanyl)

19. On or about July 9, 2020, in the Northern District of California, the defendant,

LEYDIS Yaneth Cruz, and
Pamela CARRERO,
a/k/a "Nicole" a/k/a "Kendra",

did knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] (otherwise known as fentanyl), a Schedule II controlled substance, in violation of Title 21, United States Code, Section

841(a)(1) and (b)(1)(C).

COUNT FOUR:    (21 U.S.C. § 841(a)(1) and (b)(1)(C) – Distribution of Fentanyl)

20. On or about July 24, 2020, in the Northern District of California, the defendant,

Pamela CARRERO,
a/k/a "Nicole" a/k/a "Kendra",

did knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] (otherwise known as fentanyl), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

COUNT FIVE:    (21 U.S.C. § 841(a)(1) and (b)(1)(B) – Distribution of 40 Grams or More of Fentanyl)

21. On or about August 27, 2020, in the Northern District of California, the defendant,

LEYDIS Yaneth Cruz, and
Pamela CARRERO,
a/k/a "Nicole" a/k/a "Kendra",

did knowingly and intentionally distribute and possess with intent to distribute forty grams or more of a a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] (otherwise known as fentanyl), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

COUNT SIX:    (21 U.S.C. § 841(a)(1) and (b)(1)(C) – Distribution of Fentanyl)

22. On or about September 9, 2020, 2020, in the Northern District of California, the defendant,

Pamela CARRERO,
a/k/a "Nicole" a/k/a "Kendra",

did knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] (otherwise known as fentanyl), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

//

| | |
|---|---|
| 1 | COUNT SEVEN: (21 U.S.C. § 841(a)(1) and (b)(1)(C) – Distribution of Fentanyl) |
| 2 | 23. On or about September 16, 2020, in the Northern District of California, the defendant, |

COUNT SEVEN:    (21 U.S.C. § 841(a)(1) and (b)(1)(C) – Distribution of Fentanyl)

23. On or about September 16, 2020, in the Northern District of California, the defendant,

Pamela CARRERO,
a/k/a "Nicole" a/k/a "Kendra",

did knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] (otherwise known as fentanyl), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

COUNT EIGHT:    (21 U.S.C. § 841(a)(1) and (b)(1)(B) – Distribution of Heroin)

24. On or about November 24, 2020, in the Northern District of California, the defendant,

Emilson Jonathan CRUZ Mayorquin,
a/k/a "Playboy,

did knowingly and intentionally distribute and possess with intent to distribute 100 grams of a mixture and substance containing a detectable amount heroin, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

COUNT NINE:    (21 U.S.C. § 843(b) – Illegal Use of a Communication Facility)

25. On or about November 16, 2020, between approximately 6:36 p.m. and 7:51 p.m., in the Northern District of California, the defendant,

MAYER BENEGAS-MEDINA,

did knowingly and intentionally use a communication facility in committing, causing and facilitating the distribution and possession with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 843(b).

FORFEITURE ALLEGATION:    (21 U.S.C. § 853(a))

26. The allegations contained above are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853(a).

27. Upon conviction of any of the offenses alleged in Counts One through Nine above, the defendants,

Emilson Jonathan CRUZ Mayqorquin,

|   | a/k/a "Playboy"; |
|---|---|
|   | LEYDIS Yaneth Cruz; |
|   | Pamela CARRERO, a/k/a "Nicole" a/k/a "Kendra"; |
|   | IVAN Mauro Cruz Mayorquin, a/k/a "Mauro Ivan Cruz Mayorquin"; |
|   | Ana MALDONADO; |
|   | Adonis TORRES; |
|   | MAYER BENEGAS-MEDINA; |

shall forfeit to the United States all right, title, and interest in any property constituting and derived from any proceeds defendant obtained, directly or indirectly, as a result of such violations, and any property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations, including but not limited to a forfeiture money judgment.

28. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

//
//
//
//
//
//
//

INDICTMENT         7

29. All pursuant to Title 21, United States Code, Section 853, and Federal Rule of Criminal Procedure 32.2.

DATED: December 15, 2020

A TRUE BILL.

_____/s/_____
FOREPERSON
San Francisco

DAVID L. ANDERSON
United States Attorney

__/s/ Sailaja M. Paidipaty_____
SAILAJA M. PAIDIPATY
Assistant United States Attorney

INDICTMENT　　　　　　　　　　8